UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 03-4276

KEVIN JEROME MORRIS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-47)

Submitted: July 15, 2003

Decided: August 18, 2003

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North
Carolina, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

___

## OPINION

PER CURIAM:

Kevin Jerome Morris pled guilty to possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to 96 months imprisonment. Morris appeals, claiming that the district court erred in finding that he used the firearm in connection with another felony offense and thus enhancing his sentence by four levels under *U.S. Sentencing Guidelines Manual* § 2K21.(b)(5) (2000). At Morris' sentencing hearing, the Government presented testimony establishing that, on December 10, 1999, Morris shot and seriously wounded Tyrone Scott. At the conclusion of the hearing, the court specifically found that Morris' shooting of Scott was not done in self-defense.

To apply the enhancement under § 2K2.1(b)(5), the Government must prove by a preponderance of the evidence facts that establish that the defendant used a firearm and that such use was in connection with another felony offense. The district court's findings of fact are reviewed for clear error. *United States v. Garnett*, 243 F.3d 824, 828-29 (4th Cir. 2001); *see also United States v. Nale*, 101 F.3d 1000, 1004 & n.3 (4th Cir. 1996).

Morris claims that the district court erred in assigning the four-level enhancement because he presented evidence sufficient to support his claim that he acted in self-defense. However, after hearing testimony from a number of witnesses to the shooting, the district court specifically found no believable evidence that Morris was defending himself at the time he shot Scott or that Scott was armed at the time Morris shot him. Morris cannot show that this conclusion was clearly erroneous.

Morris also argues that no separate felony occurred because there were no state charges filed against him as a result of the shooting.

However, Application Note 7 to § 2K2.1 provides that a felony offense, "as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." Morris' conduct (assault with a deadly weapon with intent to kill) clearly constitutes a felony for purposes of § 2K2.1(b)(5).

Accordingly, we affirm Morris' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*